# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

        **Plaintiff/Respondent,**

**vs.**                                **No. CIV-08-1198 JP/LAM**
                                      **No. CR-05-1154 JP**

**GERARDO DE LA CAMPA RANGEL,**

        **Defendant/Movant.**

## <u>ORDER GRANTING IN PART AND DENYING IN PART *PETITIONER DE LA CAMPA'S MOTION FOR DISCOVERY UNDER RULE 6 OF THE FEDERAL RULES GOVERNING § 2255 PROCEEDINGS* (*Doc. 14*)</u>

       **THIS MATTER** is before the Court on *Petitioner De la Campa's Motion for Discovery Under Rule 6 of the Federal Rules Governing § 2255 Proceedings* (*Doc. 14*), filed by Defendant/Movant on March 20, 2009.  Plaintiff/Respondent filed a response to this motion titled *United States' Response to Petitioner De la Campa Motion for Discovery Under Rule 6 of the Federal Rules Governing § 2255 Proceedings* (*Doc. 18*), on April 17, 2009.  On May 6, 2009, Defendant/Movant filed a reply titled  *Petitioner De la Campa's Reply in Support of his Motion for Discovery Under Rule 6 of the Federal Rules Governing § 2255 Proceedings* (*Doc. 25*).  The Court held a telephonic hearing on Defendant/Movant's motion on May 8, 2009, at which counsel for Plaintiff/Respondent and Defendant/Movant appeared telephonically. *See Clerk's Minutes* (*Doc. 26*).  Having reviewed the motion, response, and reply, and for the reasons set forth during the May 8, 2009, telephonic hearing, the Court **FINDS** that the motion should be **GRANTED in part** and **DENIED in part**.

**IT IS THEREFORE ORDERED** that *Petitioner De la Campa's Motion for Discovery Under Rule 6 of the Federal Rules Governing § 2255 Proceedings* (*Doc. 14*) is **GRANTED in part** and **DENIED in part as follows**:

1.      Plaintiff/Respondent shall produce to Defendant/Movant Ms. Ramirez' written statement to the Office of Professional Responsibility, *or* file a supplemental response objecting to production of the statement, **by May 13, 2009**.  Defendant/Movant may file a reply to the supplemental response (if one is filed), **by May 18, 2009**;

2.      Plaintiff/Respondent shall determine whether Agent Perry or Task Force Officer Rees provided written statements to the Office of Professional Responsibility, and, if they did, will either produce them to Defendant/Movant or file a supplemental response objecting to their production **by May 13, 2009**.  Defendant/Movant may file a reply to the supplemental response (if one is filed), **by May 18, 2009**;

3.      Plaintiff/Respondent shall produce to Defendant/Movant Ms. Ramirez' questions and/or outline of questions for Mr. Palacios' trial testimony, and all of her notes of interviews with Agent Perry and Mr. Padilla, **by June 5, 2009**;

4.      Plaintiff/Respondent shall produce to Defendant/Movant summaries of payments for serving as limited-use confidential informants made to Mr. Resto and Mr. Padilla, including their names, the court case numbers, and dates and amounts of payments **by June 15, 2009**;

5.      Plaintiff/Respondent shall make available for Mr. Lowry's review at the U.S. Attorney's office the DEA Manual that was in effect in 2005, **by June 15, 2009**;

6.      Plaintiff/Respondent shall produce to Defendant/Movant cell phone numbers for Mr. Resto, Agent Perry and Mr. Padilla, and the land-line phone number for the bus company, Guadalajara Tours, **by June 15, 2009**;

   A. Defendant/Movant shall then subpoena the phone companies for records for those phone numbers from May 1, 2005 through February 6, 2006, with the subpoena **returnable to counsel for Plaintiff/Respondent**;

   B. Upon receipt of the phone records, counsel for Plaintiff/Respondent shall redact all other phone numbers from the records and produce the redacted records to Defendant/Movant **within ten days of the receipt of these records**;

   C. On the date of the production of the phone records in 6.B. above, Plaintiff/Respondent shall also produce to Defendant/Movant Ms. Ramirez' phone records for August 2005, redacted to show only the information related to the phone numbers of individuals involved in this case;

   D. Defendant/Movant shall pay the costs of the subpoenas;

  7. Defendant/Movant may subpoena the passenger manifest from Guadalajara Tours, returnable to counsel for Defendant/Movant and Plaintiff/Respondent contemporaneously;

  8. Defendant/Movant may subpoena records related to Mr. Palacios' mental functioning from school administrators in Texas, returnable to Defendant/Movant and Plaintiff/Respondent contemporaneously;

  9. Defendant/Movant may conduct depositions as follows:

   A. The depositions must be limited in scope to those issues relevant to allegations of ineffectiveness of counsel and perjured testimony;

   B. Defendant/Movant may conduct two hour depositions of Mr. Palacios, Mr. Padilla, and Task Force Officer Rees;

   C. Defendant/Movant may conduct four hour depositions of Agent Perry, Ms. Ramirez, and Mr. Resto.

**IT IS FURTHER ORDERED** that Defendant/Movant's request for production of travel vouchers for Ms. Ramirez, Agent Perry and Task Force Officer Rees for the trip they took to El Paso, Texas, in August 2005, to interview witnesses, is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant/Movant's request for the Office of Professional Responsibility tape recordings of witnesses Mr. Resto, Mr. Padilla, and Mr. Palacios is **DENIED AS MOOT** since counsel for Plaintiff/Respondent has agreed to provide these **by June 5, 2009**.

**IT IS SO ORDERED.**

_Lourdes A. Martínez_
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**